IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-10-76-C |
| | ) | Case Number CR-07-56-C |
| CURTIS LEROY ROBERTSON, | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

Following a jury trial, Defendant was convicted: on Count 1, conspiracy to distribute more than fifty grams of crack in violation of 21 U.S.C. § 846; on Count 2, possessing more than fifty grams of crack with intent to distribute in violation of 21 U.S.C. § 841(a)(1); on Count 3, possessing two handguns in furtherance of the charged drug conspiracy in violation of 18 U.S.C. § 924(c)(1)(A); and on Count 4, being a felon in possession of handguns in violation of 18 U.S.C. § 922(g)(1). Because of these and prior convictions, Defendant was sentenced to life imprisonment. Defendant, acting pro se, has now filed the present 28 U.S.C. § 2255 motion seeking to vacate, set aside, or correct his sentence.

In his motion, Defendant raises three grounds for relief: (1) that the Court should revisit the denial of his pretrial Motion to Suppress in light of Arizona v. Gant, ___ U.S. ___, 129 S.Ct. 1710 (2009); (2) that H.R. 3245 – a bill currently pending in the House of Representatives which will equalize the penalty between crack and powder cocaine – should be applied to his case to reduce his sentence; and (3) that his trial counsel was ineffective for

failing to advise him that he was facing life imprisonment if convicted. At the direction of the Court, Plaintiff has filed a Response brief. This matter is ripe for decision.

Defendant's first challenge seeks to apply, to the search of the hotel room where he was arrested, the result of a Supreme Court case which was not decided until after Defendant's conviction. Defendant's argument must fail for two reasons. First, in ruling on Defendant's pretrial motion, the Court determined that Defendant lacked standing to challenge the search because he had no reasonable expectation of privacy in the room. This ruling was affirmed on appeal. United States v. Robertson, 297 F.App'x 722, 726 (10th Cir. 2008). Nothing in Gant would change this result. Absent standing, Defendant cannot effectively challenge the search of the room on any basis. Second, even if Gant were to apply, it was not the law at the time of the search. At the time of the search, the officer's actions in conducting the search were in accordance with existing precedent. Accordingly, Defendant cannot rely on Gant to invalidate a proper search. See United States v. McCane, 573 F.3d 1037, 1044 (10th Cir. 2009) (holding good faith exception applies to a search conducted by a police officer who undertakes a search in reasonable reliance upon the settled case law of a United States Court of Appeals, even though the search is later deemed invalid by Supreme Court decision), cert. denied, ___ U.S. ___, 130 S.Ct. 1686 (2010). Accordingly, this ground of Defendant's motion will be denied.[1]

---

[1] To the extent Defendant would argue that he also challenges the search of his person, that search is still valid even after Gant.

Defendant's second argument seeks to apply a law not yet enacted to the facts of his case. According to Defendant, a bill currently pending before Congress will alter the sentence range for his conduct. Defendant argues the Court should exercise its equitable power to reduce his sentence in accordance with this pending legislation. The Court does not have an inherent ability to modify a sentence once imposed. See United States v. Blackwell, 81 F.3d 945, 947 (10th Cir. 1996) ("A district court is authorized to modify a Defendant's sentence only in specified instances where Congress has expressly granted the court jurisdiction to do so."). Pending legislation that is not yet and may never be enacted into law, is certainly not a congressional grant of authority to modify a sentence. Defendant's argument on this issue will be denied.

Defendant's third argument asserts that his counsel was ineffective for failing to advise him that he was subject to an enhanced sentence of mandatory life imprisonment pursuant to 21 U.S.C. § 851. To demonstrate ineffectiveness of counsel, Defendant's allegations must be evaluated against the two-pronged analysis set forth in Strickland v. Washington, 466 U.S. 668 (1984). First, Defendant must show that his counsel's performance fell below an objective standard of reasonableness. Id. at 688. Second, Defendant must demonstrate that the deficient performance resulted in prejudice to his defense. Id. at 687. In considering the first prong, the Court is mindful that a strong presumption exists that "counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. To establish the second prong, Defendant must show that "counsel's errors were so serious as to deprive the defendant of a fair trial." Id. at 687.

In other words, Defendant must establish "that, but for counsel's unprofessional errors, the result of the proceeding would have been different." <u>Id.</u> at 694. With these standards in mind, the Court considers the issue raised by Defendant.

The evidence before the Court establishes that even if Defendant could show counsel's conduct fell below an objective standard of reasonableness,[2] he cannot show prejudice. First, Defendant fails to offer any evidence or argument indicating he would have acted differently had he "been aware" of the applicability of § 851 to his case. <u>See</u> <u>Hill v. Lockhart</u>, 474 U.S. 52, 60 (1985) (holding failure to argue different outcome if allegedly ineffective assistance corrected precludes habeas relief); <u>see</u> <u>also</u> <u>Miller v. Champion</u>, 262 F.3d 1066, 1072 (10th Cir. 2001). Second, the evidence before the Court establishes that Defendant was, in fact, aware that § 851 was applicable to his case and that Plaintiff intended to seek punishment in accordance with its terms. At the arraignment, where Defendant was present, counsel for Plaintiff advised of the potential application of the statute. Prior to trial, Plaintiff filed notice of its intent to seek the enhanced penalties and Defendant was provided a copy of that filing by his counsel. Finally, also prior to trial and at Defendant's request, his counsel sent him a copy of the statute. The evidence thus establishes that Defendant was well aware of the applicability of § 851 to his case. Consequently, he cannot show prejudice and his request for habeas relief will be denied.

---

[2] The Court in no way suggests that counsel failed in his duties to Defendant. Because Defendant's claim so clearly fails the second prong, it is unnecessary to consider the first.

Although Defendant requested an evidentiary hearing, the Court finds it unnecessary to conduct a hearing. Resolution of Defendant's arguments is possible on the existing record, no hearing is necessary. See United States v. Kennedy, 225 F.3d 1187, 1193 (10th Cir. 2000).

CONCLUSION

For the reasons set forth herein, Defendant's Motion to Vacate, Set Aside, or Correct a Sentence by a person in federal custody pursuant to 28 U.S.C. § 2255 (Dkt. No. 174) is DENIED. A Judgment will enter accordingly.

IT IS SO ORDERED this 21st day of May, 2010.

ROBIN J. CAUTHRON
United States District Judge