IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case Number CR-07-56-1-C |
| ) | |
| CURTIS LEROY ROBERTSON, ) | |
| ) | |
| Defendant. ) | |

## **ORDER**

Relying on the First Step Act of 2018 ("FSA 2018"), Defendant seeks a reduction in his sentence. In October 2019, Defendant sought relief under FSA 2018 and the Court granted limited relief. The Court held that Defendant was entitled to a reduction in sentence to 360 months but that the Court could not reevaluate Defendant's status as a career offender. Defendant appealed that decision and the Tenth Circuit noted that while the appeal was pending it had held that courts had discretion to reconsider career offender status. The Circuit also noted that the FSA 2018 gives courts discretion to vary downward based on the 18 U.S.C. § 3553(a) factors. Following remand, the Court directed the parties to brief the issues. That briefing cycle is now complete, and the matter is at issue.

The parties are in agreement that the Circuit made clear the Court has discretion to consider whether the career offender enhancement still applies and even if it does to vary below that guideline range. Thus, the Court finds it unnecessary to determine the applicability of the career offender enhancement and will proceed to analyze the appropriate sentence for Defendant under the § 3553(a) factors.

Defendant asserts that the nature and circumstances of his offense, as well as his criminal history and characteristics, are adequately addressed by the statutory minimum in place. Those minimums require Defendant to be sentenced to 120 months for the drug offense and 60 months for the possession of a firearm. Plaintiff does not dispute this position and the Court finds it appropriate. As Defendant notes, these substantial mandatory minimums provide ample deterrence to the public as well as reduce recidivism. Defendant also outlines his disciplinary history while incarcerated. The Court finds nothing in that history warrants a sentence in excess of the statutory minimum. Again, Plaintiff does not dispute this result. Finally, the Court notes that Defendant's co-Defendant was sentenced to the statutory minimum and has been released. Considering these facts, as well as Defendant's age, his participation in vocational and other programs, his family and correctional facility support and employability, the Court finds he is entitled to the reduction in sentence.

## **CONCLUSION**

Pursuant to the terms of the FSA 2010, as made effective here by the FSA 2018, Defendant is entitled to a reduction in his sentence. In his brief, Defendant waives his right to appear for resentencing. On Counts 1 and 2, Defendant is sentenced to a term of 120 months each to run concurrently with the unchanged term of 120 months on Count 4, and a term of 60 months on Count 3 to run consecutively to the sentences imposed for Counts 1, 2, and 4.

As set forth more fully herein, Defendant's "Renewed Motion for Imposition of Reduced Sentence Pursuant First Step Act of 2018" (Dkt. No. 323) is GRANTED.  An Amended Judgment will issue.

IT IS SO ORDERED this 4th day of March 2021.

ROBIN J. CAUTHRON
United States District Judge